Julius Chinman, J.
After considering all the evidence offered in the trial of both of these cases, the court finds as follows:
The court finds that section 484-h of the Penal Law is a new provision of law enacted by the Legislature of this State by chapter 327 of the Laws of 1965, effective September 1, 1965. This section is designed to protect minors under the age of 17 years from material that would be harmful to them and unsuitable for them.
*883 It is apparent that it was the intention of the Legislature to protect minors of high school and junior high school age in fixing the limitation 17 years. These being the ages which are an age of awakening of sex desires, but also an age where the minors have insufficient maturity to deal with and to properly evaluate the plethora of material dealing with illicit sex, lust, passion, depravity, nudity and immorality.
The guidelines for the regulation and supervision of such material which may be sold to minors in the aforesaid age group have been set forth by the Court of Appeals in this State in People v. Kahan (15 N Y 2d 311). The Court of Appeals of this State has indicated that this is an area which the People of this State can regulate through legislation without violating any constitutional freedoms.
The major issue in both these cases is not obscenity or pornography, which are provided for in other sections of the Penal Law, but rather is the material ‘ ‘ harmful to minors ’ ’ as defined in section 484-h of the Penal Law.
I find that the People have proven beyond a reasonable doubt that Bichard Lance Coray on October 18, 1965 and October 26, 1965 was 16 years of age. That the defendant knew or had reason to know that Bichard Lance Coray was under 17 years of age. That People’s Exhibits 2, 3, 4 and 5 contained pictures and photographs depicting female nudities as defined by the aforesaid section. Further, that People’s Exhibit 5 and People’s Exhibit 3 contained verbal descriptions and narrative accounts of sexual excitement and sexual conduct.
I find that the material as above set forth is harmful to minors in that I find that these photographs and articles are accounts which predominantly appeal to the prurient, shameful and morbid interest of minors and that in considering the adult community as a whole is wholly unsuitable material for minors under 17 years of age.
I further find that Bichard Lance Coray purchased People’s Exhibit 2, 3, 4 and 5 from the defendant Sam Ginsberg and paid a monetary consideration therefor.
I find that the defendant Sam Ginsberg knew the character and contents of People’s Exhibits 2, 3, 4 and 5.
I further find that the defendant Sam Ginsberg knew that Bichard Lance Coray purchased these specific magazines in evidence in these cases as People’s Exhibits 2, 3, 4 and 5.
I therefore find that the defendant Sam Ginsberg is guilty of both counts of the charges set forth in CB3119 and guilty of both counts of the charges set forth in CB3125.